888 F.2d 1386
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank Anthony OBERLE, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 89-7668.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 10, 1989.
Decided Oct. 19, 1989.
 
 Frank Anthony Oberle, appellant pro se.
 Before DONALD RUSSELL, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Frank Anthony Oberle, a federal inmate incarcerated at the federal correctional institution at Terre Haute, Indiana, appeals the order of the district court dismissing his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2241. In his petition Oberle challenged the manner in which the United States Parole Commission had calculated his parole eligibility date. The district court concluded that the petition must be brought in the district court where Oberle is incarcerated, and dismissed it for that reason. We agree and affirm the order.
 
 
 2
 Although it is true that Oberle complains of actions taken by the United States Parole Commission, it is the warden at the federal correctional institution in Terre Haute--not the Parole Commission--who holds Oberle in custody. See Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976). Because this warden cannot be reached by service of process within the District of Maryland, the district court correctly determined that it was without jurisdiction. See also Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-14 (D.C.Cir.1988) (en banc) (Sec. 2241 habeas corpus is the exclusive remedy for challenges to the allegedly erroneous calculation of parole eligibility dates; moreover, the petition must be brought in the judicial district of the court having personal jurisdiction over the petitioner's custodian); Guerra v. Meese, 786 F.2d 414, 416 (D.C.Cir.1986) (rejecting the proposition that the United States Parole Commission is the petitioner's "custodian" for challenges to parole commission actions).
 
 
 3
 Accordingly, the district court's order is affirmed. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.*
 
 
 4
 AFFIRMED.
 
 
 
 *
 In light of our disposition in this case we deny Oberle's motion for release on bail pending appeal